**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LESTER DOBBEY, JOSEPH DOLE, RAUL DORADO, EUGENE ROSS, and BERNARD McKINLEY, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 19-cv-3272 |
| ROB JEFFREYS, GLADYSE TAYLOR, DARWIN WILLIAMS, WALTER NICHOLSON, and MARCUS HARDY | ) ) ) ) | Judge Robert W. Gettleman  Magistrate Judge Sunil R. Harjani |
| Defendants. | ) ) | |

**PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL**
**PURSUANT TO FEDERAL RULE OF CIVIL**
**PROCEDURE 41(A)(2) WITHOUT PREJUDICE**

Plaintiffs Lester Dobbey, Joseph Dole, Raul Dorado, Bernard McKinley, and ("Plaintiffs"), by and through their attorneys, Brad J. Thomson and Michael E. Deutsch, and Eugene Ross, by and through his attorney, Joshua G. Herman (together with aforementioned parties, "Plaintiffs") hereby move to voluntary dismiss the above-referenced action pursuant to Federal Rule of Civil Procedure 41(a)(2) without prejudice.

In support of this Motion, Plaintiffs show to the Court the following:

1.    On May 15, 2019, Plaintiffs, inmates in the Illinois Department of Corrections, filed a four-count complaint seeking remedies for alleged violations of their civil rights related to a debate program at Stateville Correctional Center. (Dkt. #1).

2. On October 8, 2019, the Court denied the Defendants' motion to dismiss the action, with the exception of a failure to intervene claim against an individual defendant. (Dkt. #39).

3. Since that time, the parties have engaged in settlement discussions, which have been prolonged due to the COVID-19 pandemic. The matter has reached a juncture where, after consultation with their respective clients, Plaintiffs' counsel believe it is in their clients' respective and collective interests to voluntarily dismiss the action without prejudice and with leave to reinstate.

4. Pursuant to Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, or on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). It is within the Court's discretion to permit voluntary dismissal. *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994) ("Permitting a plaintiff to voluntarily dismiss an action without prejudice, under Rule 41(a)(2) of the Federal Rules of Civil Procedure, is within the sound discretion of the district court."). To show that voluntary dismissal is improper, "a defendant must demonstrate plain legal prejudice." *Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1233 (7th Cir. 1983).

5. No legal prejudice will inure to defendants if the Court issues an order granting plaintiffs' request for voluntary dismissal without prejudice. Indeed, counsel for plaintiffs have conferred with counsel for defendants, who has indicated that defendants would not object to a future motion to reinstate this matter before this Court so long as that motion is filed within a reasonable time.

WHEREFORE, Plaintiffs Lester Dobbey, Joseph Dole, Raul Dorado, Bernard McKinley, and Eugene Ross, respectfully move for this Court's order permitting voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2), and further order that the dismissal be without prejudice and with leave to reinstate.

Respectfully submitted,

/s/ Brad J. Thomson
Brad J. Thomson
Michael E. Deutsch
PEOPLE'S LAW OFFICE
1180 N. Milwaukee Ave. Chicago, IL 60642 (773) 235-0070
Attorneys for Plaintiffs Lester Dobbey, Joseph Dole, Raul Dorado, and Benard McKinley

/s/ Joshua G. Herman
Joshua G. Herman
Attorney At Law
53 West Jackson, Suite 404
Chicago, IL 60604
(312) 909-0434
Attorney for Plaintiff Eugene Ross

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on February 17, 2023, the above and foregoing document was electronically submitted using the Court's CM/ECF system, and thereby served on all attorneys of record.

/s/ Joshua G. Herman